LOVELLS LLP
Edward T. Schorr (ES-0290)
Gonzalo S. Zeballos (GZ-5994)
Derek J. Craig (DC-0999)
590 Madison Avenue
New York, New York 10022
Tel: (212) 909-0600
Fax: (212) 909-0660
Attorneys for Defendant Novi List d.d.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MEDIA DEVELOPMENT EQUITY FUND, A NEW
YORK LIMITED LIABILITY COMPANY,

                          Plaintiff,

             - against -                     07 Civ. 3624 (PKL)

NOVI LIST D.D., A JOINT STOCK COMPANY
ORGANIZED UNDER THE LAWS OF THE
REPUBLIC OF CROATIA

                          Defendant.
-------------------------------------------------------------------x

## ANSWER TO AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

    Defendant Novi List d.d. ("Novi List"), by and through its undersigned attorneys, Lovells LLP, hereby answers the Amended Complaint of plaintiff Media Development Equity Fund ("MDEF"), filed on May 7, 2007 (the "Amended Complaint"), as follows:

### INTRODUCTION

    1.    Defendant admits that Plaintiff purports to bring this action for the reasons set forth in paragraph 1.

2. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 2 except that Defendant denies that "[t]he contractual rights at issue in this case are essential to MDLF's[1] effort to provide . . . critical oversight to defendant Novi List."

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 3.

4. In response to paragraph 4, Defendant respectfully directs the Court to the Option Agreement (attached to the Amended Complaint as Exhibit A), Credit Agreement (attached to the Amended Complaint as Exhibit E), Shareholders' Agreement (attached to the Amended Complaint as Exhibit F), and Shares Subscription Agreement (attached to the Amended Complaint as Exhibit D), which speak for themselves.

5. In response to paragraph 5, Defendant respectfully directs the Court to the Option Agreement, Credit Agreement, Shareholders' Agreement, and Shares Subscription Agreement, which speak for themselves. Defendant admits that Rijecki List purportedly owns "just over" 50% of Novi List's shares.

6. Defendant denies the allegations of paragraph 6.

7. In response to paragraph 7, Defendant respectfully directs the Court to the Option Agreement, which speaks for itself.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

---

[1] Capitalized terms used herein are used as defined in the Complaint, unless otherwise indicated.

10. Defendant denies the allegations of paragraph 10, except that Defendant admits that plaintiff purports to seek a declaration that the Option Agreement has been terminated due to alleged contractual breaches by Novi List and Rijecki List.

## JURISDICTION

11. Paragraph 11 states a legal conclusion as to which no responsive pleading is required.

12. Paragraph 12 states in part a legal conclusion as to which no responsive pleading is required, except that Defendant admits that MDEF sent a purported notice of termination of the Option Agreement to Novi List on or about January 29, 2007. Defendant denies that the Option Agreement has been terminated.

13. Paragraph 13 states a legal conclusion as to which no responsive pleading is required.

## VENUE

14. Paragraph 14 states a legal conclusion as to which no responsive pleading is required.

## PARTIES AND INTERESTED NON-PARTIES

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 15.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 16.

17. Defendant admits the allegations of paragraph 17.

18. Defendant admits the allegations of paragraph 18.

### THE FINANCIAL PACKAGE PROVIDED TO NOVI LIST

19. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 19.

20. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant admits the allegations of paragraph 23.

24. Defendant admits the allegations of paragraph 24.

25. In response to paragraph 25, Defendant admits that the quoted language appears in a press release.

26. Defendant admits the allegations of paragraph 26, except with respect to subparagraph 26(e). Defendant admits the first sentence and denies the balance of that subparagraph.

27. In response to paragraph 27, Defendant respectfully directs the Court to the Option Agreement, Credit Agreement, Shareholders' Agreement, and Shares Subscription Agreement, which speak for themselves.

28. In response to paragraph 28, Defendant respectfully directs the Court to the Option Agreement and the Credit Agreement, which speak for themselves.

29. Defendant denies the allegations of paragraph 29.

**BREACHES RESULTING IN TERMINATION OF THE OPTION AGREEMENT**

30. Defendant denies the allegations of paragraph 30 except that Defendant admits that Novi List repaid the funds borrowed to purchase the printing press.

31. Defendant denies the allegations of paragraph 31.

   a. Defendant denies the allegations of paragraph 31(a).

   b. Defendant denies the allegations of paragraph 31(b).

   c. Defendant denies the allegations of paragraph 31(c), except that defendants admit that Novi List's circulation did not decline in 2006.

   d. In response to paragraph 31(d), Defendant admits that Novi List's Supervisory Board voted to terminate Borcic, that MDEF's representative voted against termination, that Borcic sued Novi List for wrongful termination and that this suit is now pending in the Ukrainian Courts. Defendants lack knowledge or information sufficient to admit or deny the balance of the allegations of paragraph 31(d).

   e. Defendant denies the allegations of paragraph 31(e), except that defendant admits that it voted to appoint Franjo Butorac as CEO of Novi List at the January 5, 2007 meeting of the Novi List Board.

**f.** Defendant denies the allegations of paragraph 31(f), except to the extent that it states a legal conclusion, to which no responsive pleading is required.

**g.** Defendant denies the allegations of paragraph 31(g).

**h.** Defendant denies the allegations of paragraph 31(h).

**i.** Defendant denies the allegations of paragraph 31(i), except to the extent that this paragraph states a legal conclusion, to which no responsive pleading is required.

**j.** Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31(j), except that Defendant admits that MDEF sent a notice purporting that the Option Agreement had been terminated. Defendants also admit that on or about February 12, 2007, Rijecki List paid the outstanding amounts due under the Credit Agreement.

**k.** Defendant denies the allegations of paragraph 31(k) and respectfully refers the Court to article 7.2 of the Option Agreement, which speaks for itself.

**l.** Defendant denies the allegations of paragraph 31(l).

**m.** In response to paragraph 31(m), Defendant respectfully directs the Court to the Shareholders' Agreement and the Letter dated April 12, 2007, from H. Mandel to Rijecki List (attached to the Amended Complaint as Exhibit I), which speak for themselves.

n. In response to paragraph 31(n), Defendant respectfully directs the Court to the Letter dated April 19, 2007, from T. Dolicki to H. Mandel (attached to the Amended Complaint as Exhibit J), which speaks for itself.

o. In response to paragraph 31(o), Defendant respectfully directs the Court to the Letter dated April 23, 2007, from D. Grujic to T. Dolicki (attached to the Amended Complaint as Exhibit K), which speaks for itself.

p. Defendant denies the allegations of paragraph 31 (p) except that Defendant admits that MDEF and Rijecki List met on April 26, 2007, and that MDEF sent to Rijecki List a letter purporting to memorialize the actions occurring at the April 26, 2007 meeting.

q. Defendant denies the allegations of paragraph 31(q).

r. Defendant denies the allegations of paragraph 31(r).

s. Defendant denies the allegations of paragraph 31(s).

t. Defendant denies the allegations of paragraph 31(t).

u. Defendant lacks knowledge or information sufficient to admit or deny the allegations of paragraph 31(u).

v. Defendant denies the allegations of paragraph 31(v), except that Defendant admits that the Official Gazette published notice of the Novi List annual shareholders meeting, then scheduled to be held on August 3, 2007.

w. Defendant denies the allegations of paragraph 31(w).

32. Defendant denies the allegations of paragraph 32.

## COUNT ONE

33. Defendant incorporates its responses to paragraphs 1-32 by reference, as if fully set forth herein.

34. In response to paragraph 34, Defendant respectfully directs the Court to the Shareholders' Agreement, which speaks for itself.

35. In response to paragraph 35, Defendant admits that Plaintiff sent a letter to Rijecki List requesting a power of attorney.

36. Defendant denies the allegations of paragraph 36.

37. In response to paragraph 37, Defendant respectfully directs the Court to the Option Agreement, which speaks for itself.

38. Paragraph 38 states a legal conclusion as to which no responsive pleading is required. Defendant denies that Plaintiff is entitled to the relief it seeks therein.

## COUNT TWO

39. Defendant incorporates its responses to paragraphs 1-32 by reference, as if set forth herein.

40. In response to paragraph 40, Defendant admits that MDLF sent a purported notice of default to Rijecki List.

41. In response to paragraph 41, Defendant respectfully directs the Court to the Option Agreement and the Credit Agreement, which speak for themselves.

42. Paragraph 42 states a legal conclusion as to which no responsive pleading is required. Defendant denies that Plaintiff is entitled to the relief it seeks therein.

## COUNT THREE

43. Defendant incorporates its responses to paragraphs 1-32 by reference, as if fully set forth herein.

44. In response to paragraph 44, Defendant respectfully directs the Court to the Option Agreement, Credit Agreement, Shareholders' Agreement, and Share Subscription Agreement, which speak for themselves.

45. Defendant denies the allegations of paragraph 45.

46. Paragraph 46 states a legal conclusion as to which no responsive pleading is required. Defendant denies that Plaintiff is entitled to the relief it seeks therein.

## COUNT FOUR

47. Defendant incorporates is responses to paragraphs 1-32 by reference, as if set fully set forth herein.

48. In response to paragraph 48, Defendant respectfully directs the Court to the Shares Subscription Agreement, which speaks for itself.

49. Defendant admits the allegations of paragraph 49.

9

50. Defendant denies the allegations of paragraph 50.

51. Defendant admits the allegations of paragraph 51, but denies that there has been any breach of the Shares Subscription Agreement.

52. Paragraph 46 states a legal conclusion as to which no responsive pleading is required. Defendant denies that Plaintiff is entitled to the relief it seeks therein.

### AS FOR A FIRST DEFENSE

53. The Complaint fails to state a claim upon which relief may be granted.

### AS FOR A SECOND DEFENSE

54. The claims in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### AS FOR A THIRD DEFENSE

55. The claims in the Complaint are barred, in whole or in part, by the doctrine of impossibility of performance.

### AS FOR A FOURTH DEFENSE

56. The claims in the Complaint are barred, in whole or in part, by the doctrine of laches.

## AS FOR A FIFTH DEFENSE

57. The claims in the Complaint are barred, in whole or in part, by the doctrine of waiver.

## AS FOR A SIXTH DEFENSE

58. The claims in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## AS FOR A SEVENTH DEFENSE

59. The claims in the Complaint are barred, in whole or in part, by the doctrine of acquiescence.

## AS FOR AN EIGHTH DEFENSE

60. The claims in the Complaint are barred, in whole or in part, by the doctrine of ratification.

## AS FOR A NINTH DEFENSE

61. The claims in the Complaint are barred, in whole or in part, by virtue of Plaintiff's own inaction, culpable conduct and unreasonable delay.

## AS FOR A TENTH DEFENSE

62. The claims in the Complaint are barred, in whole or in part, pursuant to the statute of frauds.

## AS FOR AN ELEVENTH DEFENSE

63. The claims in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## AS FOR A TWELFTH DEFENSE

64. Plaintiff failed to provide Defendant and/or Rijecki List opportunities to cure the alleged breaches.

## AS FOR A THIRTEENTH DEFENSE

65. The claims in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

## AS FOR A FOURTEENTH DEFENSE

66. The claims in the Complaint are barred, in whole or in part, by the terms of the Option Agreement, Credit Agreement, Shareholders' Agreement, and Shares Subscription Agreement.

## AS FOR A FIFTEENTH DEFENSE

67. Plaintiff failed to perform its obligations under and/or repudiated the Option Agreement, Shares Subscription Agreement, and Shareholders' Agreement.

## AS FOR A SIXTEENTH DEFENSE

68.     The claims in the Complaint are barred because, pursuant to the parties' course of conduct and lack of protest from Plaintiff, Defendant's and Rijecki List's performance of the agreements at issue was acceptable to Plaintiff.

**WHEREFORE,** Defendant respectfully requests that:

(i)     The Complaint be dismissed with prejudice; and

(ii)    Defendant be awarded the costs of this action, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 1, 2007

Respectfully submitted,

LOVELLS LLP

By: _____

Edward T. Schorr (ES-0290)
Gonzalo S. Zeballos (GZ-5994)
Derek J. Craig (DC-0999)

590 Madison Avenue
New York, New York 10022
Tel: (212) 909-0600
Fax: (212) 909-0660

*Attorneys for Defendant Novi List d.d.*