# BOGDANOVIĆ, DOLIČKI & PARTNERS
## ATTORNEYS AT LAW

Miramarska 24
HR-10000 Zagreb
Croatia
Phone: +385 1/600 56 56
Fax: +385 1/600 56 57

---

PAGES (inc this page) 2     Please telephone +385 1/600 55 56 if any pages are missing or illegible.

| | | |
|---|---|---|
| **To** | **COMPANY** | **FAX** |
| Mr. Harlan Mandel | Media Development Equity Fund | +1 212 807 05 40 |
| **COPIES TO** | | |
| Mr. Zdenko Mance | Riječki list d.o.o. | 051/65 00 32 |
| **FROM** | **PHONE** | **FAX** |
| TIN DOLIČKI | +385 1/600 56 56 | +385 1/600 56 57 |
| tin.dolicki@odbd.hr | | |

Your ref                                                                 April 19, 2007
Our ref

---

**DEMAND FOR PROXY TO VOTE SHARES IN NOVI LIST**

Dear Mr. Mandel,

I refer in this letter to your fax message dated 12 April 2007 to my client Riječki list d.o.o. Rijeka and addressed to Mr. Zdenko Mance, demanding for proxy to vote shares in Novi List d.d. Rijeka (the "Company").

At the request of my client I have reviewed the form of the Power of Attorney attached to your fax message in order to provide the client with a legal advice required to determine whether the Power of Attorney is to be issued and in whose favour. Having reviewed the form I have two issues to raise:

1.      The Shareholders' Agreement dated 28 October 1999 was entered into by my client and Media Development Equity Fund with its registered office at 45 West 21st Street New York. The proxy requested requires my client to issue a Power of Attorney in favour of the entity which uses the abbreviation MDLF (which is for, I suppose, Media Development Loan Fund). MDLF is not a party to the Shareholders' Agreement. The address is also different from one in the Shareholders' Agreement. Could you, kindly, revisit the draft sent to my client and clarify / amend your request accordingly.

2.      The second issue is more important and requires broader elaboration. My client does reaffirm its intention to act in accordance with the Shareholders' Agreement and wishes to ensure that the entire Clause 5 (Voting Powers) is fully implemented as agreed upon. My client recognises the intention of the Shareholders' Agreement that both shareholders have equal number of votes in the Shareholders' Meeting of the Company. The problem is, however, how to legally achieve this. The form of the Power of Attorney has not been drafted in accordance with the mandatory provisions of the Croatian law and, therefore, it could not be issued as requested. The issue here is that, under Croatian law, any power of attorney may only authorise the attorney to represent the shareholder (whether natural or legal person) at the meeting and not to represent

Attorneys at Law: M.Bogdanović T.Dolički M.Marković N.Pešut D.Linta E.Matić K.Galeković J.Baltić J.Krpin K.Mateković M.Bejraktarović B.Svaî J.Sudžović Bariç E.Stako
In co-operation with Lovells with offices and associated offices in Alicante Amsterdam Beijing Berlin Brussels Budapest Chicago Dusseldorf Frankfurt Hamburg
Ho Chi Minh City Hong Kong London Madrid Milan Moscow Munich New York Paris Prague Rome Shanghai Singapore Tokyo Warsaw

certain shares (or, in other words, to act as a representative of the Issuer of the Power of Attorney). However, the form, as drafted, is rather an Instrument transferring (conveying) voting rights from to issuer to the attorney, who then becomes not an attorney for the shareholder but the beneficiary of the voting rights attached to the certain shares owned by somebody else. Under Croatian law, transferring the voting rights (as well as all other rights attached to the shares) separately from the share itself is not permitted. If you and my client proceed as it is set forth in Clause 5.4 of the Shareholders' Agreement it will, in my opinion, be considered as a circumvention of such legal prohibition and would cause that the validity of the resolutions passed at such Shareholders' Meeting are successfully challengeable by any other shareholder of the Company.

I recognise that the Shareholders' Agreement is governed by the laws of the State of New York and have reasons to believe that such provision is valid under such laws. However, any legal document issued or executed in order to be used in Croatia (such is this Power of Attorney) must be in compliance with Croatian law.

How to resolve this? Although I have not discussed this with my client and do not know whether this would be acceptable for him, the only workable solution, in my opinion, is that the shares carrying voting rights you need to achieve equal number of votes are fully transferred (conveyed) to you. This you may discuss with my client during your next preliminary meeting (pursuant to Clause 5.1 and 5.2 of the Shareholders' Agreement) which is, as far as I know, scheduled for the next week. If I can be of any assistance in finding the workable solution, please let me know.

Please do not hesitate to get back to me if you have any question.

Sincerely yours,

Tin Dolički
Attorney at Law