UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MEDIA DEVELOPMENT EQUITY FUND, A NEW YORK LIMITED LIABILITY COMPANY,

                            Plaintiff,

               - against -

NOVI LIST D.D., A JOINT STOCK COMPANY ORGANIZED UNDER THE LAWS OF THE REPUBLIC OF CROATIA

                            Defendant.
----------------------------------------------------------------x

07 Civ. 3624 (PKL)

DECLARATION
OF
TIN DOLIČKI

I, TIN DOLIČKI, hereby declare as follows:

    1.    I am a partner in Bogdanovic Dolički & Partners, a law firm in Zagreb, Croatia. I am an attorney in good standing admitted to the Bar of Croatia, and I am a fluent English speaker.

    2.    The purposes of this Declaration are: (a) to place before the Court copies of certain documents; (b) to set forth certain additional relevant facts; and (c) to provide the Court with the relevant legal provisions of Croatian law.

    3.    On or about January 29, 2007, Mr. Harlan Mandel sent a Notice of Default[1] to Riječki list on behalf of MDLF stating that Riječki list was in default of the Credit Agreement based on the termination of Mr. Zoran Borčić, Novi list's former CEO. Mr. Mandel did not cite to any Croatian law that was violated as the result of Mr. Borčić's termination.

---

[1]    Capitalized terms used herein are used as defined in Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment unless otherwise indicated.

4.      In fact, Croatian law is directly contrary to Mr. Mandel's assertion. Under Croatian law, Mr. Borčić's dismissal was valid as a matter of law, and remains so until the court of competent jurisdiction, the Commercial Court in Rijeka, Croatia, where Novi list is registered, determines otherwise. Article 244, Paragraph 2 of the Croatian Companies Act provides, in English translation, as follows:

> (2) The supervisory board of the company may revoke its decision on appointment of members of the management board or its chairman, provided that there is a substantial reason to do so. Substantial reasons shall be in particular: gross violation of duty, incapacity to perform business activities of the company or being voted no confidence at the general assembly of the company unless it is done for obviously unfounded reasons. <u>The recall shall be considered valid until its invalidity is established by court decision</u>. The recalling of a member or the chairman of the management board shall have no effect on the provisions of the contract concluded with the company.

(emphasis added). A copy of the original of the statute is attached as Exhibit A hereto.

5.      In accordance with Art. 244, ¶ 2 of the Companies Act, the supervisory board of Novi list passed Resolution No. 1, which terminated Mr. Borčić's employment. The grounds for the termination are set forth in detail in the Resolution, which is attached hereto as Exhibit B. In that resolution, the supervisory board expressly invoked its authority under Art. 244, ¶ 2 to terminate Mr. Borčić's employment.

6.      Under the Companies Act, upon Novi list's application to the Commercial Court of Rijeka, since all of the statutory requirements had been met for Mr. Borčić's termination, the Commercial Court of Rijeka removed Mr. Borčić's name from the Court Register in Rijeka as a member of Novi list's management board. Annexed hereto as Exhibit C is the original and an English translation of the Decision entered by the Commercial Court, Hon. Ika Mohorovic, on January 9, 2007, which provides in pertinent part as follows:

> The Commercial Court of Rijeka, represented by its judge, Ms. Ika Mohorovic, . . . .
> DECIDED
>
> That in the court register of this Court be entered:
>
> The change of management board members of the joint stock company under the corporate name NOVI LIST . . . according to the information established in the appendix enclosed hereto ... which makes an integral part hereof.
>
> \* \* \* \* \*
>
> The right of appeal against this Decision has any person involved herein or other person claiming legal interest herein. The appeal must be submitted within 8 (eight) days in two copies to the High Commercial Court of the Republic of Croatia through the court of first instance.

7.  The appendix referred to in the above Decision removes Mr. Borčić as management board member. Exhibit C. at p. 2.

8.  The removal of Mr. Borčić's name from the Court Register was valid and lawful, according to the above Decision No. Tt-07/51-2 MBS 040000340 of the Commercial Court of Rijeka dated 9 January 2007.

9.  I am informed that under United States law a judgment is effective when issued, notwithstanding the pendency of an appeal. Article 244 of the Companies Act has a similar effect to a judgment -- from the time the supervisory board renders its decision, it remains valid as matter of law unless and until the competent court rules otherwise.

10. There is a pending proceeding by Mr. Borčić in the Commercial Court of Rijeka (the first instance court), which, as noted above, is the only court that is competent to adjudicate the merits of his claim.

11. Mr. Borčić filed his case on January 29, 2007, the same day MDEF sent its Notice of Termination.

12. To the extent that MDEF was aware of Mr. Borčić's complaint under Croatian law, at the time that MDEF sent its purported Notice of Default asserting that Novi list's firing of Mr. Borčić violated Croatian law, MDEF would have been aware of the provisions of Article 244, ¶ 2.

13. Under Commercial Court case law Mr. Borčić has substantially no chance of prevailing on his claim. Attached hereto as Exhibit D are leading cases from the High Commercial Court, including certified translations, upholding the absolute right of supervisory boards to make decisions of this nature.

14. On or about April 12, 2007, Mr. Harlan Mandel, MDEF's Deputy CEO, wrote to Riječki list and demanded, under Paragraph 5.4 of the Shareholders' Agreement between MDEF and Riječki list, a power of attorney giving MDEF a proxy to vote a sufficient number of Riječki list's shares in Novi List to give MDEF voting parity with Riječki list at an upcoming shareholders' meeting. A copy of Mr. Mandel's April 12 letter is attached as Exhibit H to Mr. Mandel's Declaration in support of MDEF's motion for partial summary judgment. This was the first time in the relationship between MDEF and Riječki list that MDEF had ever made such a demand.

15. Paragraph 5.4 of the Shareholders' Agreement was drafted by MDEF's Croatian counsel.

16. On or about April 19, 2007, I wrote to Mr. Mandel on Riječki list's behalf and explained that Riječki list could not grant the Proxy demanded by MDEF under paragraph 5.4 because such an act would violate Croatian law and would probably render infirm any votes made pursuant to such a Proxy. A copy of my April 19 facsimile letter is attached as Exhibit I to Mr. Mandel's Declaration in support of MDEF's motion for partial summary judgment.

17. More specifically, I explained to Mr. Mandel that Croatian law does not permit the transfer of voting rights separately from shares themselves. I emphasized, however, that Riječki list intended "to act in accordance with the Shareholders' Agreement[,]" wished "to ensure that the entire Clause 5 (Voting Powers) [were] fully implemented[,]" and further recognized "the intention of the Shareholders' Agreement that both Shareholders have [an] equal number of votes" at shareholders' meetings.

18. Under Croatian law, a proxy is considered a Power of Attorney. In Croatia, the Power of Attorney is principally regulated by the Law on Obligations ("Official Gazette" No. 35/2005) Articles 308 - 318. It is designed as an instrument for undertaking legal actions by the issuer through somebody else. A holder of a Power of Attorney must respect the will and interests of the issuer and this instrument may not be used for any other purpose, especially not for transferring the rights from the issuer to somebody else. The fundamental principle under Croatian law that someone holding a Power of Attorney cannot act against the interests of the issuer of the Power of Attorney simply forbids the use of a Power of Attorney to vote shares held by the issuer opposite to the votes cast by the issuer itself. In simple terms, MDEF could not, under Croatian law, use a proxy/Power of Attorney to vote contrary to Riječki list.

19. I proposed a work-around solution for the problem and suggested that MDEF's and Riječki list's representatives should discuss my proposal at a preliminary meeting, in advance of the shareholders' meeting, as contemplated by paragraphs 5.1 and 5.2 of the Shareholders' Agreement.

20. The proposed work-around solution would be in a full compliance with Croatian law since MDEF would in such case be the registered holder of the shares and would exercise voting rights in its own name and on its own behalf and no one would be in a position to claim

5

that Riječki list had actually circumvented the legal prohibition of transferring the voting rights without transferring the shares. The work-around solution would simply require transferring a certain number of shares from Riječki list to MDEF several days before the Shareholders' Meeting and transferring the same shares back to Riječki list as soon as the Shareholders' Meeting is over. Riječki list is still willing to transfer these shares to MDEF to enable it to exercise the same number of votes as Riječki list but MDEF is continuing to refuse such workable and practical option with no explanation why.

21. Had MDEF accepted my proposal, the voting parity impasse could have been averted. MDEF, however, insisted that the Proxy, despite its legal flaws, would have to be enforced as written.

22. On April 23, 2007, MDEF's Croatian counsel, Ms. Dubravka Grujić, formally rejected my proposal, slightly adjusted MDEF's request for the Proxy, and repeated MDEF's demand that Riječki list execute the proxy. Annexed hereto as Exhibit E is a true and correct copy of Ms. Grujić's response to my April 19 facsimile message.

23. MDEF and Riječki list met again on April 26, 2007, but they could not resolve their impasse over the Proxy issue. I was present at that meeting.

24. On June 19, 2007, Novi List held a meeting of its supervisory board. I understand that this meeting was attended by MDEF's representative to the supervisory board, Mr. Jaroslow Gora. At that meeting, the agenda for the August 3, 2007 shareholders' meeting was discussed, making it clear to everyone in attendance that a shareholders' meeting was scheduled for that date.

25. Under Croatian law, the fact that on June 19, 2007 MDEF received actual notice of the August 3, 2007 meeting precludes a claim of lack of notice on any grounds.

26. Notice was published to all shareholders in the Official Gazette of Croatia on June 20, 2007, and written notice was simultaneously sent to all shareholders on July 11 and 12, 2007. Both of these actions have been the custom and practice of Novi list since MDEF became a shareholder in 1999. It is my understanding that MDEF has never objected to this procedure in the past. This procedure is in full compliance with the Croatian Companies Act - Article 277, Paragraph 3.

27. Under Croatian law it would be illegal to favor any one shareholder of Novi list by providing it with advance notice of a shareholders' meeting or notice in a manner that was substantively different from the manner in which notice was provided to other shareholders. Article 211 of the Croatian Companies Act, "*Principle of the Equal Status of the Shareholders*", states: "*Under the same conditions the shareholders have equal status in the company.*" The fundamental principle of equal status of shareholders forbids any shareholder from claiming the right to obtain notice prior to other shareholders.

28. I am informed that MDEF alleges that Riječki list should have abstained from voting a portion of its shares at Novi list shareholders' meetings in order to effectuate the "voting parity" obligation. A fundamental principle of Croatian law provides, however, that a shareholder cannot divide its vote. It can vote all of its shares or none of its shares on an issue, but it cannot split its vote.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on October 10, 2007
Zagreb, Croatia

_____
TIN DOLJIČKI

7