# EXHIBIT D

*Certified Translation from Croatian Language of an extract from the Judgement of the High Commercial Court of the Republic of Croatia Pž-1516/99 of 21 September 1998*

Each member of the supervisory board may vote for the proposal of a resolution or against it. It is not conceivable that this could be done in a manner other than subjectively. The supervisory board may revoke its decision on appointment of a management board member if there is a substantial reason and as substantial reason is particularly deemed gross violation of duty, incapability to duly perform company's operations or vote of no confidence at the shareholders' meeting (Article 244 paragraph 2 of the Company Law).

The records regarding the work of the supervisory board show that the plaintiff exceeded the envisaged amount of HRK 360,000 for the construction of a small animal clinic by more than HRK 1,000,000 and that he indebted the company's assets without approval of the supervisory board. These are objective facts as is the fact that the plaintiff in this way acted contrary to Article 25 of the Articles of Association. Any evaluation of whether this is a substantial reason for revocation is a subjective opinion of the one giving such evaluation.

*Other parts of the Judgment were omitted from the translation as irrelevant.*

No.117/07

*I, Katica Vujević-Jolić sworn court interpreter for English and German language, reappointed by the decision No. 4Su-297/07 of 8 March 2007 of the President of the County Court of the City of Zagreb, hereby certify that the above translation fully complies with the Croatian original.*

*11.10.2007*

*Certified Translation from Croatian Language of an extract from the Judgement of the High Commercial Court of the Republic of Croatia No. Pž-6637/03-3 of 7 September 2004*

From the above provision of the Company Law appears that the supervisory board of the joint stock company may revoke its decision on appointment of the member i.e. chairman of the management board if it establishes that there is a substantial reason for which it may not be expected that the management board member will perform her/his tasks until the end of his term of office. In each particular case a substantial reason for the revocation of appointment should be identified by the supervisory board. A substantial reason for which a management board member may be revoked is defined by Law as gross violation of duty, incapability for due performance of duties and vote of no confidence for the management board member by the shareholders' meeting. However, although only these reasons are specified in Article 244 paragraph 2 of the Law for which a management board member or chairman may be revoked, these are not the only substantial reasons for revocation of appointment. For instance, the supervisory board may revoke the management board i.e. each member of the management board if he causes damage to the company's operations by entering into high risk transactions for the company (especially if for the entering into such transactions, according to the articles of association or the decision of the supervisory board a prior approval of the supervisory board is required and if such transactions were entered without the requested or obtained approval from the supervisory board); a substantial reason for revocation of a management board member are also criminal acts, appropriation of the company's assets, insincerity towards the supervisory board, non-compliance by the management board member of the non-competition provision of Article 248 of the Company Law.

---------------------------

Other than the appellate plaintiff, this court, the same as the Supreme Court of the Republic of Croatia in its decision REV-255/00, Gzz-107/00 of 13 December 2000 (the decision was published in the bulletin Informator No. 5003 of 16 February 2002) holds that the capability (hence also the responsibility) of the plaintiff to duly perform operations of the company does not solely depend on the fact that the company operated positively or negatively in 1997, but also on whether the plaintiff failed to represent and manage the operations of the company as consequence of his incapability (hence also responsibility) to perform his duties. The supervisory board may namely revoke the management board member in spite of the company's good performance or, the other way round, the supervisory board does not necessarily revoke the management board member if the company operated with losses. A positive i.e. negative operating results do not necessarily result from the capability i.e. incapability (hence, responsibility) of a management board member and the management board itself, but it may also depend on other circumstances which are beyond the control of the management board (e.g. the company may suffer losses due to the war or terrorist acts); The supervisory board may namely find that the company, considering, for example, positive market trends, could have achieved far better results in terms of profit than those achieved according to the financial statements, which is the consequence of the management board member's failures in company's management.

*Other parts of the Judgment were omitted from the translation as irrelevant.*

No.117/07
I, Katica Vujević-Jolić sworn court interpreter for English and German language, reappointed by the decision No. 4Su-297/07 of 8 March 2007 of the President of the County Court of the City of Zagreb, hereby certify that the above translation fully complies with the Croatian original.
11.10.2007