MORRISON & FOERSTER LLP
James E. Hough (JH 1066)
David S. Brown (DB 5276)
1290 Avenue of the Americas
New York, NY  10104-0050
212.468.8000
Attorneys for Plaintiff
Media Development Equity Fund LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

Media Development Equity Fund, a New York Limited Liability Company,

     Plaintiff,

  -against-

Novi List d.d., a joint stock company organized under the laws of the Republic of Croatia

     Defendant.

------------------------------------------------------------------- x

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

**07 CV 3624 (PKL)**

  Pursuant to Local Rule 56.1, Plaintiff Media Development Equity Fund LLC ("MDEF") submits this statement of undisputed material facts in support of its motion for partial summary judgment.  There are no genuine issues to be tried with respect to the material facts set forth below.[1]

  **A.  Parties and Interested Non-Parties**

  1.  MDLF is a public charity that provides low-cost financing to independent news media in emerging democracies.  (Mandel Decl. at ¶ 4).)

---

[1] All of the facts set out below are supported by the Declaration of Harlan Mandel, dated August 10, 2007 (the "Mandel Decl."), and related exhibits, submitted herewith.

2. MDEF was formed by MDLF in order to make a significant equity investment in defendant Novi List, as a result of which MDEF is now the second largest shareholder in Novi List, and owns 30% of Novi List's stock. (Mandel Decl. at ¶ 4).)

3. Defendant Novi List is the largest independent newspaper in Croatia, headquartered in Rijeka, the third largest city in Croatia. (Mandel Decl. at ¶ 5).)

4. Novi List approached MDLF for financial assistance to address its problems. The agreements at issue in this action were entered into as a result. (Mandel Decl. at ¶ 5).)

5. Non-party Rijecki List is Novi List's largest shareholder, with 50.002% Novi List's stock, which was largely purchased with funds borrowed from MDLF. (Mandel Decl. at ¶ 6).)

6. Rijecki List was created, through assistance from MDLF, for the purpose of stabilizing ownership in Novi List and ensuring that Novi List could maintain its editorial independence as well as pursue sound governance and management practices. (Mandel Decl. at ¶ 6).)

   B. **MDLF's Financial Assistance To Novi List**

7. Starting in 1996, MDLF began to provide Novi List with critical financial assistance, including two loans to Novi List that were repaid without incident. (Mandel Decl. at ¶ 7).)

8. In 1999, Novi List again approached MDLF seeking financial assistance to ensure its continued independence. (Mandel Decl. at ¶ 7).)

9. Novi List also needed MDLF funds to replace aging and outmoded equipment. Banks approached by Novi List for financing required Novi List's shares as security for the loan, and Novi List feared that collateralizing the shares could compromise editorial independence. (Mandel Decl. at ¶ 8).)

10.     MDLF worked closely with Novi List's journalists and managers to create a financial package that would address Novi List's needs for new capital and a more stable ownership structure.  (Mandel Decl. at ¶ 9).)

11.     MDEF was formed as a vehicle to provide a capital infusion to Novi List, and to hold 30% of its shares.  (Mandel Decl. at ¶ 9).)

12.     Rijecki List was formed, and largely funded with money borrowed from MDLF, so that small shareholders who wished to sell their Novi List shares could do so without jepoardizing Novi List's independence.  (Mandel Decl. at ¶ 9).)

13.     Novi List issued 18,190 new shares, bringing the total number of issued Novi List shares to 60,000, and MDEF purchased all of these newly issued shares pursuant to a Share Subscription Agreement, dated October 28, 1999 (the "Shares Subscription Agreement"). (Mandel Decl. at ¶ 10 and Exh. A).)

14.     The Shares Subscription Agreement required, among other things, that, "[a]s long as" MDEF remains a shareholder in Novi List, Novi List "shall, on or before the date that it gives official notice to its shareholders of any shareholders meeting, furnish" MDEF "with notice of such meeting and the agenda thereof" in writing.  (*See* Shares Subscription Agreement, Section 7.5.)

15.     Rijecki List was formed for the limited purpose of purchasing Novi List shares, both from the Novi List treasury, and from small shareholders.  (Mandel Decl. at ¶ 11).)

16.     MDLF loaned Rijecki List money to fund those purchases, and the parties to that loan entered into a Credit Agreement, dated October 28, 1999 (the "Credit Agreement"). (Mandel Decl. at ¶ 11 and Exh. B).)

17.     Rijecki List and MDEF entered into a Shareholders' Agreement, dated October 28, 1999 (the "Shareholders' Agreement").  (Mandel Decl. at ¶ 12 and Exh. C).)

18.     The Shareholders' Agreement requires Rijecki List to provide MDEF a Proxy to ensure MDEF would always have equal voting rights at any Novi List shareholder meeting.  (*See* Shareholders' Agreement, Section 5.4.)

19.      MDEF and Novi List also entered into an Option Agreement, dated October 28, 1999 (the "Option Agreement).  (Mandel Decl. at ¶ 13 and Exh. D).)

20.     The Option Agreement permits Novi List to purchase two-thirds of MDEF's Novi List shares at below market prices provided certain conditions are satisfied.  (Mandel Decl. at ¶ 14 and Exh. D).)

21.     As a transfer of an asset by MDEF to Novi list at a below-market price, MDEF's sale of shares to Novi List pursuant to the Option Agreement would be a charitable grant.  (*See* 26 C.F.R. 53.4945-6(c).)

22.     Under the express terms of the Option Agreement the Option Agreement automatically terminates upon a breach of any of the provisions of the Credit Agreement or any of the other aforementioned agreements.  (*See* Option Agreement, Article 7.)

23.     The Option Agreement provides that, with regard to breaches of the Credit Agreement, notice of default by MDLF to Rijecki List constitutes sufficient evidence of any such breach.  (*See* Option Agreement, § 7.2)

24.     Each of the aforementioned agreements contained certain affirmative covenants (the "Governance Covenants") that Novi List or Rijecki List, respectively, were obligated to abide by and which were designed to ensure sound corporate governance and MDEF's continued involvement in Novi List's affairs.  (Mandel Decl. at ¶ 19 and Exh. A, § 7 (Shares Subscription

Agreement), Exh. B, Article V (Credit Agreement); Exh.C, § 5 (Shareholders' Agreement), and Exh. D, Article V (Option Agreement).)

### C. Breaches Resulting in Termination of the Option Agreement

25.    Led by Novi List's former CEO Zdenko Mance, Novi List engaged in various acts that MDLF and MDEF considered to be in violation of the Governance Covenants. (Mandel Decl. at ¶¶ 22-25).)

#### 1. Notice of Default

26.    On January 29, 2007 MDLF sent a Notice of Default to Rijecki List pursuant to the express terms of the Credit Agreement. (Mandel Decl. at ¶ 26).)

27.    The Notice of Default specifies that Rijecki List failed to adhere to its obligations contained in Article V of the Credit Agreement regarding the governance of Novi List. (Mandel Decl. at ¶ 26).)

28.    The Notice of Default also specified that Novi List had failed to honor its obligations under Section 5.1 of the Option Agreement. (Mandel Decl. at ¶ 26).)

29.    On January 29, 2007, MDEF sent a Notice of Termination to Novi List, informing Novi List that the Option Agreement had been automatically terminated due to the issuance of a Notice of Default to Rijecki List. (Mandel Decl. at ¶ 26).)

30.    Rijecki List did not contest the Notice of Default nor the existence of the Events of Default described therein. (Mandel Decl. at ¶ 27).)

31.    Rijecki List paid the amounts due under the Credit Agreement as demanded in the Notice of Default. (Mandel Decl. at ¶ 27).)

#### 2. Failure to Deliver Proxy

32.    MDEF and other minority shareholders called for an extraordinary shareholders meeting to be held on May 11, 2007. (Mandel Decl. at ¶ 28).)

33.     On April 12, 2007, MDEF invoked its express right under the Shareholders' Agreement for a proxy to vote the number of shares required to achieve parity with the number of votes held by Rijecki List. (Mandel Decl. at ¶ 28).)

34.     Rijecki List refused to issue the proxy. (Mandel Decl. at ¶ 29).)

35.     On April 19, and again on April 26, MDEF was told by Rijecki List that MDEF would not be provided with a proxy as required by the parties' agreement. (Mandel Decl. at ¶¶ 29-30).)

36.     On July 12, MDEF again invoked its express right under the Shareholders' Agreement for a proxy to vote the number of shares required to achieve parity with the number of votes held by Rijecki List, this time in connection with the general assembly shareholders meeting scheduled for August 3, 2007. (Mandel Decl. at ¶ 35).)

37.     Rijecki List again refused to issue the proxy. (Mandel Decl. at ¶ 36).)

**3.  Failure to Furnish Written Notice of General Assembly Shareholder Meeting**

38.     On June 20, 2007, as required by law, the Official Gazette of Croatia published notice that Novi List's annual shareholder meeting would be held on August 3, 2007. (Mandel Decl. at ¶ 37).)

39.     Novi List failed to provide MDEF with written notice on or before June 20, the date that official notice was provided to shareholders, as required by the Share Subscription Agreement. (Mandel Decl. at ¶ 37).)

Dated: New York, NY  
       August 10, 2007

MORRISON & FOERSTER LLP

By: _____  
James E. Hough (JH 1066)  
David S. Brown (DB 5276)

Attorneys for Plaintiff  
Media Development Equity Fund LLC  
1290 Avenue of the Americas  
New York, NY 10104-0050  
212.468.8000

ny-762162