UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MEDIA DEVELOPMENT EQUITY FUND, a New
York limited liability company,

                Plaintiff,

      - against -

NOVI LIST d.d., a joint stock company organized
under the laws of the Republic of Croatia,

                Defendant.
-----------------------------------------------------------X

2007 CV 3624 (PLK)

**RULE 56(f) DECLARATION
OF EDWARD T. SCHORR**

I, **EDWARD T. SCHORR**, hereby declare under penalty of perjury as follows:

    1.    I am a partner in Lovells, counsel to Defendant Novi list d.d. ("Novi list"), and I submit this declaration pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, in support of Defendant's opposition to Plaintiff Media Development Equity Fund's ("MDEF") motion for summary judgment.

    2.    This action is in its very earliest stages. Plaintiff MDEF moved for summary judgment not long after defendant Novi list answered the Complaint. The parties thereafter conducted settlement discussions, which involved a senior person from Novi list traveling to New York from Croatia. Those discussions were not successful. No discovery has yet been conducted.

    3.    The facts described herein are those that are by their nature in the possession of Plaintiff and not of Defendant. This affidavit is limited to four such facts, any one of which will demonstrate that the default notices and allegations of breach by plaintiff MDEF are legally or

factually wrong and were not made in good faith.

4. First, whether at the time that MDLF sent the January 29, 2007 Notice of Default to non-party Riječki list, d.o.o. ("Riječki list") and Plaintiff sent the Notice of Termination to Novi list, Plaintiff had any actual knowledge that the acts complained of in the two Notices were indeed breaches of applicable "laws, rules, regulations and orders" of the Republic of Croatia, as asserted in such Notices. (See Exhibits E & F to Plaintiff's Decl. of Harlan Mandel.) Plaintiff and MDLF asserted in conclusory terms in the two Notices that the decision of Novi list's supervisory board to remove Novi list's CEO, Mr. Zoran Borčić, was a violation of Croatian law.

5. The absence of any such actual knowledge would render Plaintiff's and MDLF's two Notices shams, not sent in good faith; and the Notices would be of no effect. Defendant is not aware of the state of Plaintiff's knowledge, but there is reason to believe that Plaintiff had no such basis.

6. As noted in the accompanying Declaration of Mr. Tin Dolički (an attorney admitted in the Republic of Croatia) and the exhibits thereto, Croatian statutory law provides that the acts complained of were valid. In addition, the Commercial Court of Rijeka, in a Decision entered January 12, 2007, declared such acts valid and approved the application of Defendant Novi list to remove the former CEO, Mr. Zoran Borčić, from the Court Register as a management board member of Novi list. This court decision was issued prior to Plaintiff MDEF sending its two Notices.

7. Plaintiff has not supported its motion with any evidence whatsoever of what Croatian law was or how it was breached, and it has never identified the laws that it claims were breached. The contract covenants under which Plaintiff purported to send the Notices were those

2

concerning compliance with Croatian law. I note parenthetically that any allegation that a decision of a company's board of directors to remove the company's CEO would be a "violation of law" would be an inherently suspect proposition of law.

8. The combination of the above facts gives reason to believe that Plaintiff had no actual knowledge that the acts complained of in its two Notices were indeed breaches of Croatian law, and that its two Notices were thus shams and of no effect.

9. <u>Second</u>, whether at the time Plaintiff MDEF and MDLF sent the two Notices, Plaintiff had seen or was aware of <u>the contents of the complaint</u> filed by Mr. Zoran Borčić in the Commercial Court of Rijeka, seeking to challenge his removal from the Court Register; or whether plaintiff had <u>knowledge of the Decision</u> of the Commercial Court approving Novi list's application to remove Mr. Borčić from the Court Register.

10. Mr. Dolički's Declaration notes that Mr. Borčić's complaint had cited to the same provisions of Croatian law referred to in Mr. Dolički's Declaration and to the January 12, 2007 Decision of the Commercial Court of Rijeka approving removal of Mr. Borcic from the Court Register. Thus, anyone who had seen the Borčić complaint or had knowledge of its contents would have had actual notice that the position Plaintiff MDEF was asserting in its two Notices was false as a matter of Croatian law.

11. There is reason to believe that Plaintiff knew of the Borčić complaint. Plaintiff's Amended Complaint in this action, at p. 11, para. 31(d), actually refers to Mr. Borcic's complaint, and the date it was prepared (not the date it was filed in Rijeka). Moreover, Plaintiff's two Notices were sent the same day that Mr. Borčić actually filed his complaint, giving rise to an inference that the Notices and the filing were coordinated.

12. If Plaintiff had such knowledge, then its two Notices asserting breaches of Croatian law as the basis for purporting to terminate an Option Agreement, with enormous impact on Defendant Novi list and its shareholder-employees, were sent with actual knowledge that the assertions in such Notices were contrary to Croatian law. This would render the Notices shams, sent in bad faith, and of no effect.

13. Third, whether Plaintiff had <u>knowledge of the shareholders' meeting</u> called for August 3, 2007, on or about the time that Defendant Novi list has stated that Plaintiff had such notice, and before the time that Plaintiff asserts it got notice. Plaintiff MDEF has asserted that it did not learn of the shareholders' meeting until June 28, 2007, when its counsel supposedly first saw reference to it in the Official Gazette. (Mandel Decl. ¶ 37; Plaintiff's Statement of Undisputed Material Facts ¶ 39 (alleging no knowledge until after June 20)).

14. There is reason to believe that MDEF's factual assertions are not correct, but the MDEF representative with knowledge thereof is outside the United States, *i.e.*, in Warsaw, Poland. The accompanying Declaration of Zdenko Mance, Novi list's supervisory board chairman, states that there was a supervisory board meeting on June 19, 2007, and that Jaroslaw Gora, MDEF's representative (who resides in Warsaw), attended that meeting. Mr. Mance affirms that during the meeting with Mr. Gora, it was announced that the shareholders' meeting would take place on August 3, 2007, and that the agenda for such meeting was discussed with Mr. Gora.

15. Establishing that Mr. Gora had such knowledge, whether or not communicated to Plaintiff's declarant Mr. Harlan Mandel, would render nugatory Plaintiff MDEF's assertions of breach regarding giving notice of such meeting.

16. <u>Fourth</u>, whether Plaintiff MDEF has made any promises or arrangements with Mr. Borčić, either in return for filing his complaint in the Commercial Court in Rijeka, or in any other regard, such as his putting the company "in play" by announcing, falsely, that the supervisory board had decided to sell it.

17. The Declaration of Mr. Mance, Novi list's supervisory board chairman, notes the facts showing that Mr. Borčić was the *de facto* representative of Plaintiff MDEF on the company's supervisory board, even though under Croatian law he could not lawfully serve thereon while he was an employee of the company. The facts in Mr. Mance's declaration show that MDEF had a very close relationship with Mr. Borčić, and that Mr. Borčić took the extraordinary step of falsely announcing at the company's New Year's party, attended by persons like the mayor and the bishop of Rijeka, that the company was for sale, in effect putting Novi list "in play." It is logical that putting the company in play, and forcing a sale of all its shares, would yield a higher price than the shareholder who put the company "in play" could otherwise obtain.

18. Furthermore, as shown by the Declaration of Mr. Mance, when MDEF learned that an outside audit had been commissioned to examine Novi list's affairs during Mr. Borčić's leadership, MDEF objected to the audit and tried to block it or the disclosure of its findings.

19. Because of MDEF's close relationship with Mr. Borčić, the apparent coordination of the default notices with his lawsuit in Croatia, and MDEF's actions regarding the audit, and further, since MDEF has in fact announced its plan to sell its shares on the open market if the Option Agreement is cancelled, there is reason to believe that such discussions were had between Mr. Borčić and MDEF. Discovery is needed to demonstrate that the two Notices and the subsequent assertions of breach are not good faith efforts by an aggrieved "charitable

organization," but part of a plan by MDEF to obtain a financial advantage to which the contracts do not entitle it. There is reason to believe, and Novi list has a right to discovery to show, that such discussions were conducted.

20. For the foregoing reasons, Defendant Novi list respectfully requests that it be given the opportunity to take discovery concerning the matters set forth above, and that Plaintiff's motion for summary judgment be denied.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2007
New York, New York

_____
Edward T. Schorr