MORRISON & FOERSTER LLP
James E. Hough (JH 1066)
David S. Brown (DB 5276)
1290 Avenue of the Americas
New York, NY 10104-0050
212.468.8000
Attorneys for Plaintiff
Media Development Equity Fund LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

Media Development Equity Fund, a New York
Limited Liability Company,

      Plaintiff,

  -against-

Novi List d.d., a joint stock company organized under
the laws of the Republic of Croatia

      Defendant.

DECLARATION OF TARJA
KREHIĆ-ĐURANOVIĆ,
CROATIAN ATTORNEY AT
LAW, IN SUPPORT OF
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT

07 CV 3624 (PKL)

------------------------------------------------------------------ x

  I, Tarja Krehić-Đuranović, declare as follows:

  1.  I am the Croatian attorney-at-law, holding a legal master degree (LL.M.) from Duke Law School, North Carolina, USA, having the registered seat of the office at Ulica platana 18, 10 434 Strmec, Croatia.

**Authority of Supervisory Board
to Revoke Appointment of Management Board Member**

  2.  Pursuant to Article 244 of the Companies Act and Article 19 of the Articles of Association, members of the Management Board of Novi List are appointed and revoked by a decision of the Supervisory Board of Novi List (Evidence 1).

3. Under Article 244, the Supervisory Board can revoke its decision on the appointment of a member of the Management Board only when there is a substantial reason for such revocation.

4. Specifically, Article 244, paragraph 2, provides that:

The supervisory board of the company may revoke its decision on appointment of members of the management board or its chairman, provided that there is a substantial reason to do so. ***Substantial reasons shall be in particular: gross violation of duty, incapacity to perform business activities of the company or being voted no confidence unless it is done for obviously unfounded reasons.*** The recall shall be considered valid until its invalidity is established by court decision. The revocation of a member or chairman of the management board shall have no effect on the provisions of the contract concluded with the company. (Emphasis added.)

5. As provided by Article 244, a revocation is valid until a court determines that it is a nullity.

6. Croatian courts would assess and evaluate all relevant facts in the case before making a determination on whether the revocation was valid or not.

7. Croatian legal doctrine and case law state that when making this determination, Croatian courts should review all relevant circumstances and facts regarding the termination and analyze factors such as, among others, explanation of the revocation, timing of determination of a substantial reason for termination, and evidence of the existence of the substantial reason.

8. A Croatian Commercial Court ("Commercial Court") registry entry regarding revocation of the appointment of the management board member is different from an adjudication of the merits of whether the termination was lawful.

**Commercial Court Register Entry is Declaratory and not Constitutive**

9. The commercial court maintains an official registry containing, *inter alia*, the list of persons authorized to act on behalf of public companies.

10. Pursuant to Article 245.a. of the Companies Act, upon each change in the management board of a company, as well as upon the change in the representation authority of a management board member, the company (*i.e.* of all its members of the management board and the president of the supervisory board) must, without delay, submit to the court register the application for registering the respective change(s) into the court register (Evidence 2). The respective application must have attached, *inter alia*, the relevant decisions of the supervisory board revoking the appointment of the management board member and appointment of a new management board member.

11. The commercial court maintains an official registry containing, *inter alia*, the list of persons authorized to act on behalf of public companies.

12. Pursuant to Article 245.a. of the Companies Act, upon each change in the management board of a company, as well as upon the change in the representation authority of a management board member, the company (*i.e.* of all its members of the management board and the president of the supervisory board) must, without delay, submit to the court register the application for registering the respective change(s) into the court register (Evidence 2). The respective application must have attached, *inter alia*, the relevant decisions of the supervisory board revoking the appointment of the management board member and appointment of a new management board member.

13. The revocation of the appointment of the management board member is, in its legal nature, the expression of the company's will which, in order to be valid and binding, must arrive to the respective management board member who is revoked. The revocation is usually communicated to the revoked management board member by the president of the supervisory board. The revoked management board member loses its mandate when

the revocation is delivered to him, unless the decision of the supervisory board on its revocation is null and void (Croatian term: *ništava*) (Evidence 3).

14. The deletion of the revoked management board member from the court register is not constitutive, but is of a declaratory nature. Accordingly, the court registry is not authorized, in the registration process, to examine and test whether the revocation is valid or not. This principle has been confirmed by the leading commentaries of the Companies Act (Evidence 3).

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Zagreb, on 23 October 2007.

_____
[Name]

ODVJETNICA
TARJA KREHIĆ-ĐURANOVIĆ
Ulica platana 18
10434 Strmec, Sveta Nedelja

**EVIDENCE 1**

Imenovanje i opoziv članova uprave
Članak 244.

(1) Članove uprave i predsjednika imenuje nadzorni odbor društva najviše na vrijeme od pet godina s time da ih može ponovno imenovati. Ponovno imenovanje predsjednika i članova uprave nije moguće ranije od godinu dana prije isteka njihova mandata.

(2) Nadzorni odbor može opozvati svoju odluku o imenovanju člana uprave ili njezina predsjednika kada za to postoji važan razlog. Važnim razlogom naročito se smatra gruba povreda dužnosti, nesposobnost za uredno obavljanje poslova društva ili izglasavanje nepovjerenja u glavnoj skupštini društva, osim ako je to učinjeno zbog očito neutemeljenih razloga. Opoziv je valjan dok se njegova nevaljanost ne utvrdi sudskom odlukom. Opozivom člana ili predsjednika uprave ne dira se u odredbe ugovora kojega su oni sklopili s društvom.

English translation of Article 244, Paragraph 2 of the Croatian Companies Act:

"(1) Members of the management board and its chairman shall be appointed by the supervisory board of the company for a maximum period of 5 (five) years and such appointments may be renewed. Renewed appointments shall not be made earlier than one year prior to the expiration of their mandate.

(2) The supervisory board of the company may revoke its decision on appointment of members of the management board or its chairman, provided that there is a substantial reason to do so. Substantial reasons shall be in particular: gross violation of duty, incapacity to perform business activities of the company or being voted no confidence unless it is done for obviously unfounded reasons. The recall shall be considered valid until its invalidity is established by court decision. The revocation of a member or chairman of the management board shall have no effect on the provisions of the contract concluded with the company."

Članak 19.

(1) Odluku o imenovanju i opozivu direktora Društva donosi Nadzorni odbor Društva.

English translation of Article 19 of the Articles of Association Novi List d.d. dated 28 April 1995:

"Article 19

(1) The decision on the appointment and revocation of the company's director is passed by the Supervisory Board of the Company."

**EVIDENCE 2**

<u>English translation of Article 245.a. of the Croatian Companies</u>

Registration of the change in the management board in the court registry

Article 245.a

(1) Upon each change in the management board of a company, as well as upon the change in the representation authority, an application for registration of the change must, without delay, be submitted to the court register.

(2) Decisions passed by the supervisory board revoking the appointment of the management board member and appointing a new management board member, and the original or certified copy of the resignation letter of the management board member, together with certified signatures of the new management board members, as well as the information on the date of the appointment, resignation or revocation of the management board member, must be attached to the application described in the paragraph 1) of this Article.

(3) New members of the management board must, in the respective application, give statements described in the Article 187 paragraph 1 item 4 of the Companies Act.

Upis promjene u upravi u sudski registar

Članak 245.a

(1) Nakon svake promjene u svom sastavu kao i promjene ovlasti za zastupanje mora se bez odgađanja podnijeti prijavu registarskom sudu radi upisa te promjene u sudski registar.

(2) Prijavi iz stavka 1. ovoga članka moraju se priložiti odluke nadzornog odbora o opozivu imenovanja i imenovanju članova uprave, odnosno ostavka člana uprave u izvorniku ili u javno ovjerenoj preslici i javno ovjereni potpisi novih članova uprave, te podaci o datumu imenovanja, ostavke ili opoziva člana uprave.

(3) Novi članovi uprave moraju u prijavi dati izjave iz članka 187. stavka 1. točke 4. ovoga Zakona.

**EVIDENCE 3**

"Registarski sud nije ovlašten pri upisu promjene članova uprave ispitivati osnovanost odluke nadzornog odbora o opozivu člana uprave. Osnovanost odluke može se utvrditi samo u parničnom postupku, a postupak registarskog suda je izvanparnični.[590]

Opoziv je, po svojoj pravnoj naravi, očitovanje volje koje, da bi bilo valjano, mora prispjeti članu uprave na kojeg se odnosi. Obično mu ga priopćuje predsjednik nadzornog odbora. Opozvani član uprave gubi mandat kada mu opoziv prispije. Neće biti tako jedino ako je odluka nadzornog odbora ništava.[591] Brisanje člana uprave iz sudskog registra nema konstitutivni učinak.[592]

The English translation of the commentary of See the Commentary of the Companies Act, Book Two, "Drustva kapitala" by Jakša Barbić, Organizator, Zagreb, 2005, pages 486 and 487.

"The court registry is not authorised, in the registration process with respect to the change of the management board member, to examine the basis of the supervisory board's decision on revocation of the management board member. Whether the legal basis of the respective decision is valid can be determined only in the litigation proceedings, and the procedure of the court register is out-of-court proceeding (Croatian term: *izvanparnicni*)

The revocation of the appointment of the management board member is, in its legal nature, the expression of (the company's) will which, in order to be valid and binding, must arrive to the respective management board member to whom it refers to. The revocation is usually communicated to the revoked management board member by the president of the supervisory board. The revoked management board member loses its mandate when the revocation is delivered to him. It will not be so only if the decision of the supervisory board on its revocation is null and void (Croatian term: *ništava*) The deletion of the revoked management board member from the court register is not constitutive, but is of a declaratory nature..."