# EXHIBIT D

**MEDIA DEVELOPMENT EQUITY FUND, LLC**

Zdenko Mance
Chairman, Supervisory Board of Novi list d.d.
Director, Riječki list d.o.o.
Zvonimirova 20a
51000 Rijeka
Croatia

December 13, 2006

Re: <u>**Termination of Chief Executive Officer of Novi list**</u>

Dear Zdenko:

We are writing to express our deep concern about the turn of events at the last Supervisory Board meeting of Novi list, a.d. (the "Company").

Your call at the meeting to terminate the tenure of Zoran Borcic as the chief executive officer of the Company – without any prior notice to Media Development Equity Fund (MDEF) – was both shocking and disturbing. Although you spoke directly with me several days before the meeting about the cooperation of Rijecki list and MDEF, you did not mention this proposal. Quite on the contrary, you assured me that Rijecki list would not do anything to damage the otherwise excellent relationship with MDEF, such as precipitating major actions by the Supervisory Board without consulting with MDEF in advance. Furthermore, a meeting between Jaroslaw Gora and you as representatives of MDEF and Rijecki list, respectively, took place on the eve of the Supervisory Board meeting. At this meeting, you repeated your assurances of continued good cooperation between the two partners and made no mention of your planned effort to remove Mr. Borcic as CEO at the next day's Supervisory Board meeting.

Compounding the surprise nature of your motion to remove Mr .Borcic was the fact that there were no indications of the discontent with the management of the Company in the months leading to the proposal that would merit removal of the CEO. In fact, just as recently as 28 July 2006, you put forward a proposal to the Shareholders Meeting to approve the work of the management of the Novi list and the management received the shareholders' vote of confidences. Since then, the Supervisory Board meeting has accepted the results for 2006, which proved to be the most profitable year in the Company's history, with Novi list alone among Croatia's major papers successfully maintaining its circulation levels.

Given the company's strong performance under Mr. Borcic's management, and how extraordinary it is to terminate a company's management upon its achieving such results, we would expect any effort to remove the CEO to be taken with careful deliberation and

analysis by the Supervisory Board, based on clear and verifiable reasons. Indeed, as discussed in more detail below, not only is that called for under commonly accepted principles of good corporate governance, but it is required by Croatian law. We should also point out that it is required by the agreements entered into between MDEF, Novi list and Rijecki list, which require that the company "conduct its business with due diligence and ... in compliance with all applicable laws [and] regulations ...."

However, the process you chose to follow fell far short of those expectations in virtually every respect possible: (a) you failed to include the issue on the agenda for the Supervisory Board meeting, (b) you failed to otherwise give notice of your plans to all the other members of the Supervisory Board, despite ample opportunity, (c) you waited until almost the end of the Supervisory Board meeting to raise the issue, limiting the possibilities for full discussion and consideration by the full Board, (d) you provided no written analysis or other documentation in support of your reasons for termination, and (e) you presented no plan for management of the company following Mr. Borcic's removal.

Combined with your failure to consult in advance with MDEF as one of the Company's two major shareholders, the totality of your actions at least give the appearance that you are intentionally proceeding in bad faith to remove Mr. Borcic from his position.

To be very clear: we are not expressing our substantive opinion or indicating our vote on the matter. Rather, we are seriously concerned about (1) the process and (2) legal implication of any such decision.

(1)     As to the <u>process</u>, there are two obvious major concerns.

The first one concerns the relationship between MDEF and Rijecki list. The choice of chief executive officer is probably one of the most crucial decisions both for the daily operations of the company and for the direction the company wants to take. Although it is within the competence of the Supervisory Board to make such a decision, the members of the Board represent the shareholders and should work in their best interest, as well as in the best interest of the company. The decision has long-term consequences and should be carefully made in the light of the work of the current management, as well as in the light of the proposal for the new management and its potential. We are certain that you would agree that this is the issue to be discussed among the major shareholders in accordance with Article D(4) of the Memorandum of Understanding. There is no doubt that this would be the case under the New York law, which applies to these contracts. Moreover, as detailed above, we find the way you have moved to terminate the CEO inconsistent with the requirements of the MoU and the Shareholders Agreement between MDEF and Rijecki list, as well as the Option Agreement and Share Subscription Agreement between MDEF and Novi list.

The second concerns the best interest of Novi list. The leadership of any company is the pillar of its stability, integrity and credibility. For those reasons, any decision about it should be done in a transparent way, in a manner that is consistent with local laws and

practices, and on the basis of sound arguments and documentation. A decision made in any other way would certainly hurt the integrity and credibility of Novi list, and would foster internal instability that you yourself are so much concerned about.

(2)    As to the <u>legal consequences of the decision</u>, as Ms. Eleonara Marac rightly pointed out at the meeting and as confirmed by our Croatian attorneys, according to the Croatian regulations and court practice, the Supervisory Board may revoke the chief executive officer only when there are serious reasons. The courts determine the existence of reasonable grounds for termination on the basis of the documentation submitted towards the decision. Any decision that would not document such reasons would be invalid according to the High Commerce Court of Croatia in its decision Pz-4243/00 of 3 October 2000. MDEF could not take part in any decision-making process that could potentially lead to a court resolution and liability of the Supervisory Board members. This would be contrary to everything we stand for as a shareholder and it would be inconsistent with the MoU and the Shareholders Agreement we signed with Rijecki list. Therefore, we would either (depending on the advice of our Croatian lawyers) have to recuse ourselves or vote against such decisions in order to avoid liability. As you know, the members of the Supervisory Board would be jointly liable for any damages that would be awarded in any court action.

In conclusion, for all of the above reasons, and if you still insist on putting this issue on the Supervisory Board meeting agenda, we believe that the Supervisory Board meeting should be organized in a manner that is both ethical and legal.

It would be completely inappropriate for any composition of the Board, regardless whether quorum is legally satisfied, to make a decision that could lead to a joint liability of the Board members, without giving a chance to all Board members to participate in the meeting. As we stressed before, we understand that the Supervisory Board cannot be held hostage to the inability of any single member to attend the meeting. However, we do believe that with respect to the crucial issues for the Company, all efforts should be made to secure that the Board members are able and prepared to attend the meetings. Therefore, the documents supporting any proposal regarding the termination of the existing chief executive officer and appointment of the new management, including the documentation requested by Jaroslaw Gora at the meeting held on 8 December, should be sent to the Board members ahead of time and in case of MDEF - in the English language, or with ample time for translation into English. Additional time would be required for the consultations with our Croatian lawyers. We also kindly ask you to understand that, just as the other four members represent Rijecki list at the Board, Jaroslaw Gora is not an independent director; rather, he represents MDEF and needs to consult with the management of MDEF prior to making any decisions on our behalf. Finally, we would like to propose a meeting between Rijecki list and MDEF prior to the next Supervisory Board, to which, in addition to MDEF's representative, we would like to send the representatives of its mother company Media Development Loan Fund.

We understand that you were planning on scheduling the meeting for December 21, 2006. With the documents preparation and consultations, and with the upcoming holiday season, this might be quite difficult. In any case, we do not see a particular urgency in the matter and would rather have a well prepared meeting than a rush decision.

We are looking forward to hearing from you at year earliest convenience.

Best regards,

For *[signature]*

Sasa Vucinic
Chief Executive Officer


Cc:  Ivo Kirgin, Vice-Chair
     Lucija Baretic, member of the Supervisory Board
     Josip Bursic, member of the Supervisory Board
     Jaroslaw Gora, member of the Supervisory Board
     Shareholders of Rijecki list via Director of Rijecki list