# EXHIBIT H

## MEDIA DEVELOPMENT EQUITY FUND, LLC

Zdenko Mance
Chairman, Supervisory Board of Novi list d.d.
Director, Riječki list d.o.o.
Zvonimirova 20a
51000 Rijeka
Croatia

January 4, 2007

### Re: <u>Termination of Chief Executive Officer of Novi list</u>

Dear Zdenko:

We are writing in response to the letter we received yesterday from you addressed to Ms. Popovic. As explained more fully below, we are writing in a final effort to dissuade you from going forward with your plan for a meeting of Novi list's Supervisory Board tomorrow (January 5, 2007) for the purpose of terminating Mr. Borcic as Chief Executive Officer of Novi List d.d.

As we have warned you on several occasions previously, we believe that the process you have engaged in to achieve your goal of terminating Mr. Borcic as Chief Executive Officer of Novi List has not met the requirements of Croatian law, and carries significant risk of legal liabilities for the company and the members of the Supervisory Board who would vote for such action. At the last Supervisory Board meeting on December 21, 2006 you committed to work with MDEF to obtain an independent legal opinion on this question before scheduling a vote. Your decision now to renege on that commitment just underscores your complete disregard for prudence, due diligence, legal process and proper corporate governance.

As we have said all along, as a minority shareholder with a significant investment in Novi list, our concern is with whether Rijecki list in exercising its controlling position is following a prudent and legitimate process in overseeing the management of Novi list, as required by its commitments to us. We believe your actions and the Supervisory Board process that you have engineered stand in clear breach of the obligations of Novi list and Rijecki list under their agreements with MDEF and MDLF to conduct the business of Novi list with due diligence and in compliance with law. As such, they are grounds for termination of the Option Agreement, the Shareholders Agreement and the Credit Agreement. Given the serious financial consequences for both Rijecki list and Novi List if this should occur, we are urging you to carefully consider your actions and not force our hand.

37 West 20th Street, Suite 801
New York, NY 10011
Tel: (212) 807 1304; Fax:(212) 807 0540

**The December 8 Meeting**

As detailed in my letter to you of December 13, 2006, your initial effort at the December 8 Supervisory Board meeting to force through a vote on Mr. Borcic's termination -- completely contradicting your personal assurances to Mr. Vucinic and myself that nothing of the sort was planned – was a travesty of good corporate governance. Notable examples of your conduct include:

(a) You failed to include the issue on the agenda for the Supervisory Board meeting,

(b) You failed to otherwise give notice of your plans to all the other members of the Supervisory Board, despite ample opportunity,

(c) You waited until almost the end of the Supervisory Board meeting to raise the issue, limiting the possibilities for full discussion and consideration by the full Board,

(d) You provided no written analysis or other documentation in support of your reasons for termination, and

(e) You presented no plan for management of the company following Mr. Borcic's removal.

**The December 21 meeting**

At the recent Supervisory Board meeting on December 21, you remained unable to offer and document valid reasons to justify Mr. Borcic's removal. Contrary to your commitment, made at my request at the meeting held on December 8, that you will prepare and present to the Supervisory Board documentation in writing providing detailed analysis and reasons for terminating CEO of the company, no documentation was ever prepared. You just simply informed members of the Supervisory Board at the meeting on December 21, 2006 that you do not find it necessary to provide that documentation. I can not stress strong enough how irresponsible, from the corporate governance point of view, is your insistence that the Board vote on removal of the company's Chief Executive Officer without one single piece of paper of written analysis or written reasoning prepared prior to the vote. It is our conclusion that this Supervisory Board will, by acting in this manner, clearly fail to make a minimum effort to establish the existence of "the important reason" for the removal of CEO, as is required by the Croatian law in these circumstances. Those members who will vote for removal will have to face legal and most likely, financial and criminal consequences. As a Chairman of the Board, it is one of your responsibilities to assure that it acts within the limits set by Croatian law and in accordance with the Croatian law, and therefore your responsibility for possibly illegal acts of this Board will be the greatest.

Worse, in your effort to justify your position, you yourself disclosed at the meeting that you have repeatedly over-stepped your valid authority as Chairman of the Board, giving Mr. Borcic directions to take actions that had never been approved by the Board itself.

In this letter I will focus only on one such an example: in your own words, you've instructed Mr. Borcic to follow up on "your initiative to purchase" a local Rijeka based TV station. "In my view", you said at the meeting, "taking over TV stations in our area is an ambition which we have to have".

It was a stunning surprise to us that, without the approval of the Supervisory Board, Chairman of the Board instructs CEO to go "shopping" a local TV station. It was a stunning surprise to us that Chairman would not hesitate to make decision of such strategic importance and magnitude – "taking over TV stations in our area is ambition which we have to have" - as this one. The governing documents of Novi list give the Supervisory Board Chairman no power to take such decisions unilaterally.

This type of Chairman's behavior was, clearly, violation of the corporate charter. But, to take a failure of the CEO to implement clearly improper instructions of the Chairman as a reason for his dismissal defies any logic.

As an additional point of great concern to us, no proper process for identifying and vetting a replacement for Mr. Borcic has been carried out. Instead, you have put forward just a name of the candidate for the replacement. You did not provide any other information about him (education, work history and work experience, previous management exposure and achievements, exposure and experience in financial matters, etc). You did not even provide the Board with something you were legally obliged to - a confirmation that this candidate fulfills the conditions for the job as set by Croatian law and the Charter of the company (no criminal record regarding corporate law crimes, compliance with Media law and other conditions prescribed by the charter of Novi list).

### Reversing the Commitment to Obtain Independent Counsel

At the December 21 Supervisory Board meeting, the Board decided to seek the opinion of expert independent legal counsel on whether the proposed termination of Mr. Borcic conforms to the requirements of Croatian law. In your letter (dated January 3) you mischaracterize this decision as one taken to obtain advice for the benefit of MDEF. To the contrary, the purpose of this advice is to benefit Novi list, Rijecki list and the individual members of the Supervisory Board, to ensure that they would not be making illegal decision and in that way incurring legal, financial and criminal liabilities.

You are now reversing that decision in order to obtain a vote on January 5.

There is no rational or professional explanation why would you want to prevent the Supervisory Board to benefit from the independent legal advise if one can be obtained within days.

Let me remind you that Novi list is not your private property. Had the whole company been your personal property, you would be entitled to make and could make a decision which would expose company to any type of the risk. However, Novi list is property of many shareholders and you are not allowed, neither legally nor morally, neither in your capacity of Chairman of the Supervisory Board nor as a small shareholder, to expose it to unreasonable risks and practically gamble with someone else's property.

We feel obliged to warn you that if, as a result of this process you are leading, and as a result of irresponsible and illegal decision by members of the Supervisory Board, MDLF or MDEF experience any kind of financial or any other loss, we will spare no legal effort to make responsible individuals personally reimburse us for that loss.

You claim that you have already obtained legal opinions from two law firms. Were those opinions obtained from independent law firms engaged to represent the interests of Novi list and its Supervisory Board members? Why don't you share them with the other members of the Supervisory Board?

If you, however, decide to follow decision of the Supervisory Board held on December 21, 2006, and seek independent legal advice as if dismissal of Borcic you are proposing would be legal, we have now identified a suitable counsel to provide the Supervisory Board and its members with independent legal advice.

We have been informed that Ms. Melita Veršić-Marušić is one of Croatia's preeminent experts on corporate law, and is not anticipated to have any conflicting past representations of Novi list, Rijecki list, MDEF or MDLF. In the spirit of preserving the independence of her advice, we have not contacted her yet, but instead seek your prior confirmation that she is acceptable. If so, we will be in a position to pose questions for her consideration by early next week. Her contact information is as follows:

> Boškovićeva 28/III
> HR - 10000 Zagreb
> tel. +385 1 4828 539
> fax. +385 1 4828 540
> mob. +385 98 235 658
> melita.versic@versiclawoffice.hr

Given the high stakes involved and the relatively short time that should now be required to obtain an independent legal opinion – at most 10 days beyond your desired date of January 5, and quite possibly sooner -- we see no reasonable rationale for departing from our planned course in order to achieve what amounts to an arbitrary deadline.

4

## Consequences

As stated above, we believe the course you have been following places much at stake for Novi list and Rijecki list. As I have noted at each of the past two Supervisory Board meetings, and as confirmed by Novi list's own counsel, we believe the process you have followed in pursuing Mr. Borcic's removal does not conform to the requirements of Croatian law. You therefore are putting the company and the individual members of the Supervisory Board at great risk of legal, financial and criminal liability.

But the potential consequences of your actions do not end there. In your effort to remove Mr. Borcic, you continue to flout widely accepted norms of corporate good governance. In doing so, you have fallen far short of the due diligence in Novi list's management required of both Rijecki list and Novi list in their various agreements with MDEF and MDLF. This is compounded by your improper and unacceptable behavior as Chairman of the Supervisory Board, with the record of acting beyond your legitimate powers, as has recently come to light.

As we have previously warned, your actions constitute breaches of the obligations undertaken by Novi list and Rijecki list, and are grounds for termination of the Option Agreement, Shareholders Agreement and Credit Agreement. If our hand is forced and we act to terminate these agreements, the consequences will be severe:

a.  Payment under the Credit Agreement would be accelerated, so that the final principal payment of €100,000 and all interest outstanding would be immediately due and payable from Rijecki list.

b.  Novi list would lose its option to purchase back 12,127 Novi list shares held by MDEF at a price substantially below their current market value, resulting in a significant financial loss of Rijecki list and Novi list's other shareholders.

c.  MDEF would become immediately free to sell all it shares in Novi list to any buyer without the consent of Rijecki list or Novi list.

## Conclusion

We were surprised by the reference in your letter to the credit extended by Novi list to the company which was publishing Feral Tribune, as it has no bearing on any of the current issues.

But, as you initiated this discussion (you must know the reasons) let us go back to simple and undisputable facts: the decision to print Feral Tribune although it was not paying its printing bills was made by you in your capacity of Novi list's CEO at that time. In

another words – despite the obvious risks, you made a decision to provide a credit to the publisher of Feral Tribune. MDLF was not in any way involved in that decision - you made it completely yourself.

Why are you now angry at MDLF that the company you gave a credit to went bankrupt? Why would your, obviously wrong, management decision suddenly become MDLF's responsibility?

Given the first company's bankrupt condition, your suggestion that Novi list could have recovered the debt if we had not agreed to finance a new company to publish the title "Feral Tribune" defies all logic. Finally, as a shareholder in that new company, MDLF obviously had no right to require it to pay a debt that was owed by a separate company to Novi list, just because we were also a shareholder in Novi list. Indeed, it would have been an abuse of our position to attempt to do so.

But you are right in pointing out that despite disagreements on a number of points over the 10 years since MDLF first provided financing to Novi list, until a few weeks ago Rijecki list, Novi list, MDEF and MDLF shared a productive relationship notable for the mutual respect of the parties and our shared commitment to the ideals of independent journalism. In a short time, however, you have managed to bring that relationship to the edge of a precipice. But we believe that the demise of our partnership is in no one's interest and that it is still possible to step back from that perilous edge. We therefore once again urge you to carefully consider your next actions, and where they may lead us all.

If you do insist on going forward with the Supervisory Board meeting on January 5 as stated in your letter, I will attend the meeting telephonically as you propose, but I can attend the meeting only after 11am.

Sincerely,

Jarolslaw Gora
Chief Investment Officer

Cc:    Ivo Kirgin, Vice-Chair
       Lucija Baretic, member of the Supervisory Board
       Josip Bursic, member of the Supervisory Board
       Shareholders of Rijecki list via Director of Rijecki list
       Sasa Vucinic
       Harlan Mandel
       Elena Popovic

6