# EXHIBIT O

# WOLF THEISS
ATTORNEYS AT LAW

WOLF THEISS
Rechtsanwälte GmbH

SCHUBERTRING 6
A - 1010 VIENNA
TEL +43 1 515 10
FAX +43 1 515 10 25
WIEN@WOLFTHEISS.COM
WWW.WOLFTHEISS.COM

UID: ATU 61971557
DVR: 0231924
ADVM: P190664
FN 224135 k
FG: HG Vienna
SEAT: Vienna
www.wolftheiss.com/partner

## Memorandum

**To** Mr. Tin Doličkí, Bogdanović, Doličkí & Partners

**Copy** Mr. Zdenko Mance, Riječki list d.o.o. Rijeka
Mr. Harlan Mandel, Media Development Equity Fund
Ms. Elena Popović, Media Development Equity Fund
Ms. Tarja Krehić-Đuranović, Attorney-at-Law, Croatia

**From** Ms. Dubravka Grujić, on the basis of Croatian law advice given by Ms. Tarja Krehić-Đuranović, Attorney-at-Law, with the registered seat of the office at Ulica platana 18, 10 434, Strmec, Croatia

**Reference** CRO-MDLF/NOVILIST

**Date** 23 April 2007

**Re:** Request for the proxy to vote the shares in Novi list d.d.

Dear Mr. Doličkí,

We refer to your letter dated 19 April 2007 (the "*Letter*") addressed to Mr. Harlan Mandel of Media Development Equity Fund, with its registered office at 45 West 21st Street, New York, NY 10010, USA ("*MDEF*"), with respect to MDEF's request to Mr. Zdenko Mance, a representative of Riječki list d.o.o., with its registered seat at Zvonimirova 20a, 51000 Rijeka, Croatia ("*Riječki list*") for issuance of a power of attorney, pursuant to which Riječki list would authorize MDEF to exercise the voting right in the name and on behalf of Riječki list (for certain number of its shares) at the General Assembly of Novi list d.d., with its registered seat at Zvonimirova 20a, 51000 Rijeka, Croatia ("*Novi list*"), scheduled for 11 May 2007.

Please find below our brief reply to your analysis of the power of attorney previously sent to Mr. Zdenko Mance by MDEF (the "*Power of Attorney*") and our proposal on how to deal with the present situation.

### 1. Parties to the Shareholders' Agreement

With respect to the first issue raised in the Letter, we hereby confirm that the Shareholders' Agreement was concluded between (i) Riječki list, (ii) MDEF and (iii) Novi list, on 28 October 1999. The identification of the proxy made in the version of the Power of Attorney (initially sent by MDEF to Riječki list) you have reviewed was incorrect.

ALBANIA
SKY TOWER BUSINESS CENTER
SUITE 6/4
DESHMORET E 4 SHKURTIT
AL - TIRANA
TEL +355 4 274 521

BOSNIA AND HERZEGOVINA
FRA. ANDJELA ZVIZDOVIĆA 1
UNITIC TOWER
BIH - 71 000 SARAJEVO
TEL +387 33 296 444

CZECH REPUBLIC
KLIMENTSKÁ 10
CZ - 110 00 PRAHA 1
TEL +420 251 019 811

ROMANIA
BUCHAREST CORPORATE CENTER
STR. GHEORGHE POLIZU NR. 58-60
FLOOR 15, SECTOR 1
RO - 011062 BUCUREȘTI
TEL +40 21 308 81 00

SERBIA
ČIKA LJUBINA 12
SCG - 11 000 BEOGRAD
TEL +381 11 330 29 90

SLOVAK REPUBLIC
LAURINSKÁ 3
SK - 811 01 BRATISLAVA
TEL +421 2 591 012 40

SLOVENIA
TIVOLSKA 30
SI - 1000 LJUBLJANA
TEL +386 1 438 00 00

Our operations in the various locations comply with the requirements of the relevant local law and local bar rules, including cooperation with independent local attorneys.

- 2 -

We attach hereto slightly amended Power of Attorney, correctly indicating that the legal entity of the proxy, to which the Power of Attorney should be issued by Riječki list, is MDEF (and not MDLF). We apologize for unnecessary confusion created by this error.

Under Clause 5 of the Shareholders' Agreement, Riječki list has undertaken the obligation to issue a proxy to MDEF in the situation where Riječki list holds more voting rights than MDEF, all in order to achieve parity in the number of votes held by Riječki list and MDEF.

### 2. The enforceability of the Power of Attorney according to Croatian law

With respect to the second issue raised in the Letter, we believe that the attached Power of Attorney is valid and enforceable under Croatian law for the reasons stated below.

We agree with your reasoning that, according to the mandatory provisions of the Croatian Companies Act, a share is indivisible (Croatian term: *nedjeljiva*) from the rights (such as the voting right) and obligations pertaining thereto. This principle of indivisibility of a share is indisputable under Croatian law, as it is under many other laws.

However, it is also indisputable under Croatian law that a shareholder can authorize another person (*i.e.* a proxy holder) to exercise, at the general assembly of a company, the voting right arising out of certain or all share(s) in the name and on behalf of the shareholder granting a proxy[1].

The authorization is usually given by way of a power of attorney (*i.e.* a proxy). Such power of attorney can contain either the shareholder's instruction(s) to the proxy holder how to vote or may authorize the proxy holder to vote the respective shares according to its own discretion.

In the present circumstances, the Power of Attorney is aimed to allow one shareholder - *i.e.* Riječki list to authorize its proxy - *i.e.* MDEF - to exercise the voting right, in the name and on behalf of Riječki list, at the specific General Assembly of Novi list. No transfer of the voting rights to MDEF has been envisaged.

The Power of Attorney is clear about it when it says "...*Riječki list...hereby instructs and authorizes MDEF to vote in the name and on behalf of Riječki list...*".

The fact that MDEF has the right to decide how to vote the shares does not change the legal nature of the matter, as the voting right still belongs to Riječki list and Riječki list has the right to revoke the authorization granted by the proxy at any time.

The right of a proxy holder to exercise, in its sole discretion, the voting right in the name and on behalf of a shareholder, who has granted a valid power of attorney for this purpose,

---

[1] Articles 291 and 292 of the Croatian Companies Act, also the Commentary of the Companies Act, Book Two, "Društva kapitala" by Jakša Barbić, Zagreb, 2005, pages 63-64.

- 3 -

is recognized principle of the Croatian Companies Act[2] and is widely known to Croatian legal practice.

In order to eliminate any possible misinterpretations of the Power of Attorney you have previously reviewed, we have slightly amended the wording thereof so that it now (more) clearly indicates that MDEF is granted the right to act as the proxy holder of Riječki list, and not the proxy holder of Riječki list's shares.

Summarily, we believe that the attached Power of Attorney legitimately provides that mere exercise of the voting right, arising out of certain number of shares held by Riječki list, is granted to MDEF, as a proxy holder, at a particular General Assembly.

### 3. Necessary Amendments to the Power of Attorney

Please note that we have slightly amended the attached Power of Attorney in order to clarify the fact that Riječki list authorizes MDEF to exercise its voting right arising out of the certain portion of its shares, and, thus, the identification of these shares (*i.e.* its numbers) should be further specified and inserted by Riječki list (*e.g.* the shares under the numbers NLST-R-A 1 - 5,906).

We have also amended the Power of Attorney in a way that it applies only to the General Assembly scheduled for 11 May 2007.

In the event the General Assembly, for whatever reason, will not take place on 11 May 2007 and will be re-scheduled to another date, MDEF will request Riječki list to issue another power of attorney (in the form and substance similar to the attached) for such re-scheduled General Assembly.

---

[2] Articles 291 and 282 of the Croatian Companies Act, including the commentary of the respective Articles. See the Commentary of the Companies Act, Book Two, "Društva kapitala" by Jakša Barbić, Zagreb, 2005, pages 360-364, 704-711.

- 4 -

### 4. Request for Immediate Issuance of the Power of Attorney

According to the instructions given by MDEF, we would kindly ask Riječki list and Mr. Mance, as its representative, that the attached Power of Attorney is:

(i) duly specified (with respect to the exact identification of shares),

(ii) duly issued to MDEF, and

(iii) delivered to Mr. Harlan Mandel by Mr. Zdenko Mance during their forthcoming meeting on Thursday, 26 April 2007, in Rijeka.

### 5. Lack of Necessity for the Transfer of Shares

Since the transfer of shares has been never contemplated (either under the Shareholders' Agreement or otherwise), and keeping in mind that the agreed under Clause 5 of the Shareholders' Agreement can be achieved by way of the Power of Attorney, we believe that, at present time, there is no necessity for the transfer of shares to MDEF.

\*\*\*

Should you wish to discuss the matter further, please do not hesitate to contact us at your convenience.

Kind regards,

*Dubravka Grujić*
Dubravka Grujić

Encl: Draft Power of Attorney

*[on the letterhead of Riječki list d.o.o.]*

## POWER OF ATTOREY

Pursuant to Clause 5.4 of the Shareholders' Agreement entered into between Riječki list d.o.o. Rijeka, a limited liability company duly organised and validly existing under the laws of the Republic of Croatia, with its registered office at Zvonimirova 20a, Rijeka, Croatia, registered with the Commercial Court in Rijeka under the number MBS 040149534 (hereinafter: "*Riječki List*") and Media Development Equity Fund, a limited liability company duly organised and validly existing under the laws of the State of New York, United States of America, with its registered office at 45 West 21st Street, New York, NY 10010, United States of America (hereinafter: "*MDEF*") in relation to Novi list d.d. Rijeka, a joint stock company duly organised and validly existing under the laws of the Republic of Croatia, with its registered office at Zvonimirova 20a, Rijeka, Croatia, registered with the Commercial Court in Rijeka under the number MBS 010000340 (hereinafter: "*Novi List*"), Riječki List, duly represented by Mr. Zdenko Mance, acting in his capacity of a Director,

hereby instructs and authorises

MDEF to act as its proxy and vote in the name and on behalf of Riječki List, in relation to Riječki List' shares under the numbers NLST-R-A No. 1 - 5,906 [*Riječki List to confirm and/or make the necessary amendments with respect to the correct shares' numbers to which this Power of Attorney refers*], held by Riječki List in Novi List, representing 9.843% of the registered share capital of Novi List and granting 9.843% voting rights at the general assembly of Novi List (hereinafter: "*Shares*"), at the general assembly of Novi List convened for 11th May 2007.

MDEF can exercise this voting right arising out of the Shares in its sole discretion.

In Rijeka, on [*insert date*] 2007

On behalf of Riječki list d.o.o. Rijeka

_____

Zdenko Mance, Director